IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

LEIDA AMINTA ORTIZ FRANCO

    Debtor

CASE NO. 18-04586 (ESL)

CHAPTER 13

FORMADOR, INC.

Plaintiff

VS.

LEIDA AMINTA ORTIZ FRANCO

Defendant

ADV. PROC. 19-00027

OPINION AND ORDER

This case is before the court upon the *Motion Requesting Dismissal of the Complaint* (Docket No. 19) filed by the Defendant, Leida Aminta Ortiz Franco ("Defendant" and/or "Debtor"); the "*Motion to Request Sanctions Pursuant to Bankruptcy Rule 9011* filed by the Defendant (Docket No. 17); and the *Omnibus Response to Debtor/Defendant's Motions* filed by the Plaintiff, Formador Inc. ("Plaintiff" and/or "Formador") (Docket No. 24).

The Defendant alleges that an action pursuant to 11 U.S.C. §523(c), as the one filed by Formador, must be filed within the time limits established in the Fed. R. Bankr. P. 4007(c), which states: "[e]xcept as otherwise provided in subdivision (d), a complaint to determine the dischargeability of a debt under 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest,

-1-

after hearing and notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired."

The Defendant states that the Complaint filed by Formador, which was filed on March 12, 2019, was untimely as the deadline to file a dischargeability action was November 13, 2018. Furthermore, the Defendant requests the court to impose sanctions pursuant to Rule 9011, considering that the court entered an order in the bankruptcy case, 18-04586, Docket No. 71, informing the Plaintiff that the time to file objections was governed by Fed. R. Bankr. P. 4004(a), and Formador, nonetheless, filed the present adversary proceeding untimely.

Formador argues that the order entered by the court on February 5th, 2019 at Docket No.78, "…denied Formador's request to take notice of the arguments against dischargeability already stated in the Motion for Reconsideration and instructed Formador to file an adversary proceeding", rather than advising on the timeframe to file the objection to the dischargeability of the debt, as alleged by the Defendant. (See Docket No. 24, page 3, ¶ 8).

The Plaintiff alleges that Formador complied with the terms of Rule 4007(c). Formador states that under equitable consideration, the court should apply the "relation back" theory or deem the late complaint as timely filed, considering that the dischargeability claim was timely filed in the main bankruptcy case, previous to the filing of the adversary proceeding.

Relevant Procedural History

The Debtor, Leida Aminta Ortiz Franco, filed a chapter 13 bankruptcy petition on August 14, 2018 (Docket No. 1). The First Meeting of Creditors was set for September 13, 2018, and, therefore, the deadline to object to the debtor's discharge under §1328(f) or to challenge the dischargeability of certain debts was due on November 13, 2018 (Lead Case No. 18-04286, Docket No. 3). On September 11, 2018, the Debtor filed a Chapter 13 Plan (Lead Case No. 18-04286, Docket No. 22). On October 16, 2018, Formador filed an *Objection to Confirmation* alleging that the plan was not proposed in good faith, that the Debtor's real estate was

undervalued, and that the transfer of the Debtor's residential property from a corporation owned by herself, in order to claim the homestead exemption, lacked good faith (Lead Case No. 18-04286, Docket No. 32).

On November 13, 2018, Formador filed its *Motion Requesting Extension of Time to Oppose Dischargeability of a Debt* which stated that (1) Formador was a judgment creditor with a claim in the amount of $191,731.96 and (2) requested a 60 days extension of time under Rule 4004[1] to properly evaluate the schedules submitted by debtor and object to the discharge of its claim. Formador specifically requested for a 60-day extension of time, to expire on January 13, 2019 (Lead Case No. 18-04286, Docket No. 39).

On November 26, 2018, the Debtor filed her *Opposition for Lack of Cause to Motion Requesting Extension of Time to Oppose Dischargeability of a Debt by Formador Inc.* (Lead Case No. 18-04186, Docket No. 43). The Debtor alleged that Formador had failed to show cause for the extension of time requested, as mandated by Bankruptcy Rule 4004(b). On December 6, 2019, the court denied the extension of time requested by Formador, for the reasons stated in the Debtor's *Opposition* (Lead Case No. 18-04586, Docket No. 47). On December 20, 2018, Formador filed a *Motion for Reconsideration of Denial of Extension of Time to Oppose Dischargeability*, arguing that it had been denied the opportunity to present its position regarding the Debtor's *Opposition to the Motion for Extension of Time* (Lead Case 18-04586, Docket No. 51). Formador explained that several matters required further examination and discovery such as the pre-petition dealings with Formador, the disclosure of assets and the conveyance of a residence in order to claim the homestead exemption. Formador alleged that the Debtor's acts "suggest Debtor has incurred in the "actual fraud" alluded to in 11 U.S.C. §523(1)(2)(A)."

On January 28, 2019, the court entered an Order which stated the following:

> "The Motion for Reconsideration of Denial of Extension of [T]ime to Oppose Dischargeability filed by Formador, Inc. (Docket Entry #51) is hereby granted. However, the sixty (60) day period requested has elapsed.

---

[1] The court notes that although the motion is entitled "Motion Requesting Extension of Time to Oppose Dischargeability of a Debt", the request was made pursuant Fed. R. Bankr. P. 4004, which governs the time to object to the discharge.

The court notes that the time to file objections to discharge is governed by
Fed. R. Bankr. P. 4004(a) (Lead Case No. 18-04586, Docket No. 71).

On January 31, 2019, Formador filed its *Motion Requesting That Court Takes Notice of Formador's Arguments Against Dischargeability* (Lead Case No. 18-04586, Docket No. 77). In the Motion, Formador argued that, although the document was not entitled *Opposition to Dischargeabilit*y, "its arguments in opposition to the dischargeability of its claims were included in the Motion granted on January 29, 2019, which was filed within the sixty (60) day extension requested." (Lead Case No. 18-04586, Docket No. 77, page 1, ¶ 2). Therefore, Formador requested the court "to take notice that its arguments in opposition of the dischargeability of its claim were included in the Motion granted on January 29, 2019." On February 5, 2019, the court entered an *Order,* denying the Motion filed by Formador Inc. requesting the court to take notice of arguments against dischargeability (Docket Entry #77) and further stating that "[a]n objection to the dischargeability of a debt requires the filing of an adversary proceeding. See Fed. R. Bank. P. 4007" (Lead Case No. 18-04586, Docket No. 78).

On March 12, 2019, Formador filed the present adversary proceeding under 11 U.S.C. §523(a)(2) to determine that the Defendant's debt with Formador should not be discharged by the Debtor (Docket No. 1).

### Legal Analysis and Discussion

a. *Extension of Time to File a Complaint Objecting to Debtor's Discharge or Dischargeability of Debts*

Fed. R. Bankr. P. 4004(a) and 4007(c) establish a sixty (60) day time limit within which a creditor may file a complaint to dispute the discharge of the debtor under §727(a) of the Bankruptcy Code and the dischargeability of debts under §523(c) of the Bankruptcy Code […]. This time limit begins to run from the first date set for the meeting of creditors under 341(a) of the Bankruptcy Code. Fed R. Bankruptcy P. 4004(a) and 4007(c). In addition, Fed. R. Bankr. P.

9006(b)(3) limits the bankruptcy court's discretion in certain circumstances by providing, *inter alia*, that a bankruptcy court may enlarge the time for filing a complaint under 4004(a) and 4007(c) to the extent and under the conditions permitted under such rules. *See* <u>Baez v. Rosado (In Re Rosado)</u>, 2009 Bankr. LEXIS 2709, 2009 WL 2900298 (Bankr. D.P.R. 2009).

The present adversary proceeding is premised in an objection of Formador's debt under 11 U.S.C. §523(a)(2)(A) which states the following:

> "A discharge under section 727, 1141, 1228(a), or 1328(b) of this title does not discharge an individual debtor from any debt-
> (1) …
> (2) For money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by-
> (A) False pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;"
>
> 11 U.S.C. §523(a)(2)(A).

Therefore, Fed. R. Bankr. P. 4007(c) is applicable. The rule establishes that a complaint under §523(c) "…to determine the dischargeability of a debt, shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided on Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired."

There is almost universal agreement that the provisions of Fed. R. Bankr. P. 4007(c) are mandatory and do not allow the court any discretion to grant a late filed motion to extend time to file a dischargeability complaint". *See* <u>Santiago Ortiz v. Rivera Lugo (In Re Rivera Lugo)</u>, 503 B.R. 13 (Bankr. D.P.R. 2013); <u>Baez v. Rosado (In Re Rosado)</u>, *Id.* Although Rule 4007 is not jurisdictional, the bankruptcy court does not have unfettered discretion to extend the deadline. *See* <u>P.R. Elec. Power Auth. V. Cintron (In Re Cintron)</u>, 447 B.R. 82 (Bankr. D.P.R. 2011). Courts have extended the deadline absent a timely filed motion under extraordinary circumstances. These exceptional circumstances generally encompass situations in which the court has made a mistake in setting the deadline or where notice of the deadline has not been furnished to a party in interest. See <u>In Re Rosado</u>, *Id*. at *6-7. The First Circuit Court of Appeals has held that "when a litigant seeks an extension of time and proposes a compliance date, the court is entitled to expect that the

litigant will meet its self-imposed deadline." *See* <u>Vazquez v. Cruz (In Re Cruz)</u> 323 B.R. 827, 830 *citing* <u>Cintron-Lorenzo v. Departamento de Asuntos</u>, 312 F.3d 522, 526 (1st Cir. 2002).

Formador filed its *Motion Requesting Extension of Time to Oppose Dischargeability of a Debt* on November 13, 2018. Although the extension was filed within the time limits imposed by Fed. R. Bankr. P. 4007(c), the Debtor filed an *Opposition* stating that the Creditor had failed to comply with the "cause" requirement of Rule 4004. The court agreed with the Debtor, an denied the extension of time. However, upon the *Reconsideration* filed by Formador, the court granted the extension although acknowledging that the time requested by the Creditor had already lapsed.

Formador filed this Adversary Proceeding on March 12, 2019. The Plaintiff argues that the court should apply the principles of "substantial compliance" and/or "relation back", and deem the complaint timely filed considering the arguments included in its *Motion for Reconsideration,* which was filed within the extension of time reconsidered by the court. The court will, therefore, evaluate the "relation back" principle as argued by the Plaintiff.

b. *<u>The Substantial Compliance and/or Relation Back Theory Argued by Formador</u>*

The Plaintiff argues that "[n]umerous bankruptcy courts have addressed the issue raised by the instant case- where an opposition to the dischargeability of a claim or the discharge of a debtor has been timely filed in the main bankruptcy case and later refiled after the "bar date" as an adversary proceeding- and have either applied the equitable "relation back" theory or simply deemed the allegedly late complaint as timely filed." To support its position, Formador references <u>In Re Rutherford</u>, 427 B.R. 656 (Bankr. S.D. Ohio 2010) and <u>Estate of Hildreth v. Dunaway (In Re Dunaway)</u> 346 B.R. 449 (346 B.R. 449, 452 (Bankr. N.D. Ohio 2006). In both cases a complaint was filed incorrectly in the lead bankruptcy case. In <u>In Re Rutherford</u>, the complaint was mistakenly filed as a third-party complaint, and, therefore, the required filing fees were not paid. However, the case was designated as "filed" within the time limits and the court ruled that such a determination was consistent with case law predating the electronic-filing age, in which bankruptcy courts exercised their discretion to deem complaints filed as of the date they were submitted, even if filing fees were not paid at the time. In <u>In Re Dunaway</u>, the complaint was filed in the main bankruptcy case, and not as a separate adversary proceeding. However, the court

determined that it complied with all the requirements of the Bankruptcy Code and Rules although it did not comply with local procedure. The court concluded that a local rule or administrative procedure could not "abridge, enlarge or modify any substantive rights."

The Plaintiff also references Popa v. Calinoiu (In Re Calinoiu) 431 B.R. 121 (Bankr. W.D. Pa. 2010). The court in In Re Calinoiu accepted the late filing of the adversary proceeding considering that the Plaintiff had initially filed a complaint objecting the dischargeability of a debt as a pleading in the main case rather than as an independent action. The Clerk's Office notified through a "corrective entry" the defective filing of the initial complaint. The court applied the relation back test which required the court to, first, consider if the initial document provided the debtor with fair notice of the creditor's claims and grounds, and, second, consider if the claims in the new pleading, the adversary proceeding complaint, arose from the same conduct as the claims made in the initial document. The court observed that the original complaint, filed in the main case prior to the "bar date", and the complaint filed in the adversary proceeding made identical allegations and relied on the same section of the Bankruptcy Code. Therefore, the court ruled that the Debtor had received fair and timely notice of the allegations upon which the dischargeabilty action was premised.

The facts of these three cases are not akin to the situation under this court's consideration. In the three cases cited by the Plaintiff, complaints were filed within the time limits, however, incorrectly in the lead bankruptcy cases. Nevertheless, the initial filings complied with all the requirements of a complaint, which included complete factual and legal allegations.

The Plaintiff further references Gschwned v. Markus (In Re Markus), 268 B.R. 556 (9th Cir. B.A.P. 2001), where the Bankruptcy Appellate Panel for the Ninth Circuit explained that "[a]lthough referred to as a doctrine, the relation back of a cause of action in amended pleadings is a rule, Civil Rule 15(c), which applies in bankruptcy adversary proceedings. Fed R. Civ. P. 15(c), incorporated by Fed. R. Bankr. P. 7015". The court further stated that ""[r]elation back" of an adversary proceeding complaint to a prior contested matter motion necessitates two inquiries… Is the initially-filed paper adequate to constitute a "complaint" under Bankruptcy Rule 7008 (Civil

Rule 8)? If yes, then: does the claim asserted in the amendment arise from the same "conduct, transaction, or occurrence" as the original claim?" The court then identified the "pleading" to which the adversary complaint related back, which was an objection to discharge under 11 U.S.C. §727, and determined that the defendant had fair notice of the Plaintiff's claim and the ground on which it rested and, therefore, "relation back" was applicable. However, this court notes that the United States Court of Appeal for the Ninth Circuit reversed the Bankruptcy Appellate Panel's conclusion in Markus v. Gschwend (In Re Markus), 313 F. 3d 1146 (9th Cir. 2002). The Ninth Circuit Court of Appeals determined that the initial motion had a different purpose, aimed at converting the case; that the document failed to identify any code section or criteria for nondischargeability; and the motion did not set forth any facts having to do with the nature of the conduct that caused the debt. The Circuit Court ruled that the motion was not fair notice of what the Plaintiff's claim was and the ground upon which it rested and, therefore, there was no claim to which the complaint could relate back to.

Although the Ninth Circuit's relation back doctrine may be persuasive, the case upon the court's consideration is inapposite. Here, Formador filed an Objection to Confirmation on October 16, 2018 (Docket No. 32). The *Objection to Confirmation* cannot be construed as fair notice of an objection to discharge.  An objection to confirmation serves a different purpose and addresses confirmation matters. The *Motion for Extension of Time* filed on the last date to oppose dischargeability did not allege or contain any factual or legal assertions that provided the Debtor with clear notice on what the nondischargeability arguments were. Moreover, although  the motion was entitled *Motion Requesting Extension of Time to Oppose Dischargeability of a Debt* the request for extension of time was made pursuant Fed. R. Bankr. P. 4004, commingling the objection to a discharge pursuant to §727(a) and the dischargeability of a debt pursuant to §523(c).

The arguments regarding the nondischargeability of Formador's debt were first stated in the *Motion for Reconsideration*, which was filed after the time limit to file a complaint to determine the nondischargeability of a debt had lapsed. The reconsideration *Order* cannot have a retroactive application so as to give the Plaintiff an opportunity to sketch its relation back

-8-

argument. The *Motion for Reconsideration* served the exclusive purpose to request the court a review of its previous determination, that is, the court's determination to not extend the time to file a nondischargeability complaint for failure to show cause pursuant to Fed. R. Bankr. P. 4007 or Fed. R. Bankr. P. 4004. Therefore, the complaint cannot relate back to the *Motion for Reconsideration,* as the relief sought in reconsideration is unrelated to the one pursued in the complaint, hence, failing to comply with Fed. R. Civ. P. 8(a)(3), made applicable to bankruptcy proceedings through Fed. R. Bankr. P. 7008. In the present case, Formador complied with the "cause" requirement of Fed. R. Bankr. P. 4007 to extend time for the first time in its *Motion for Reconsideration* and, therefore, the court granted reconsideration. However, by the time the reconsideration was granted the extension requested had lapsed.

The court finds that the "cause" requirement to file a motion to extend the time to file an objection to the discharge of a debt cannot be equated to "due notice" in order to apply the "relation back" principle to file a nondischargeability complaint. A proposition of the sort would practically eliminate the requirement to file a complaint within the required time limits. The allegations in the *Motion for Reconsideration* may coincide with those in the Complaint but were included in said motion for the purpose of demonstrating that "cause" existed to grant the extension, not as a proper allegation of dischargeability. Formador stated that "further examination and discovery" was needed, and that the Debtor's acts "suggest Debtor has incurred in the "actual fraud" alluded to in 11 U.S.C. §523(1)(2)(A)." The Debtor cannot be expected to defend herself and argue the hypothetical proposition of fraud claimed within a *Motion for Reconsideration*.[2]

 

c. *Time Barred Defense*

In <u>Kontrick v. Ryan</u>, 540 U.S. 443, 447, 124 S. Ct. 906, 910, 157 L. Ed. 2d 867 (2004) the Supreme Court held that the time limits under Fed. R. Bankr. P. 4004 are not jurisdictional and

---

[2] The court notes that the Debtor filed an *Opposition for Lack of Cause to Motion Requesting Extension of Time to Oppose Dischargeability of a Debt by Formador, Inc.* (Docket No. 68) which was principally directed to object the motion based upon the Plaintiff's failure to comply with the reconsideration standards.

that a debtor forfeits his or her right to rely on the time limits under said rule if the same does not raise the Rule's time limitations before the court reaches the merits of the creditor's objections. The same time prescriptions apply to complaints objecting to the dischargeability of a particular debt in accordance with 11 U.S.C. §523(c). In Re Rosado, *Id*. at *6. The Supreme Court also concluded that "…the filing deadlines prescribed in Bankruptcy Rules 4004 and 9006(b)(3) are claim processing rules that do not delineate what cases bankruptcy courts are competent to adjudicate." Kontrick v. Ryan, 540 at 454.

Under the Bankruptcy Rules as well as under the Federal Rules of Civil Procedure, a defense is lost if it is not included in the answer or amended answer. See Fed. Bankr. P. 7012(b) ("Rule 129(b)-(i) Fed. R. Civ. P. applies in adversary proceedings"). "…[T]he timeliness of a dischargeability complaint presents an affirmative defense that must be raised in an answer or responsive pleading. In Re Rosado, *Id*. at *12, citing In Re Santos, 112 B.R. 1001 (B.A.P. 9th Cir. Cal. 1990).

In In Re Rosado, the court granted, in the bankruptcy case, a requested order which stated that a previous order extending the deadlines to file objections to discharge to one party would be extensive to all creditors. However, upon an argument of timeliness of the adversary complaint, the court ruled that "[t]he order granting the Plaintiff's request that the orders extending the deadlines to file objections to discharge  be amended to be extensive all creditors cannot, and will not, be construed as an order denying *ex ante* any affirmative defense the defendant may have, such as the one subject of the motion to dismiss by the court, that the action is time barred." In Re Rosado, *Id*. at *13. The same rational is applicable to the present case. The court's *Order* granting Formador's *Motion for Reconsideration* cannot be construed as a denial, *ex ante*, of the defendant's timeliness defense. In this case, the timeliness defense is an affirmative defense alleged opportunely by the Defendant through the *Motion to Dismiss*. Considering that the complaint was filed after the time limits proscribed in Fed. R. Bankr. P. 4007 and finding that relation back in inapplicable to the present case, the dismissal of the complaint is warranted. "Limitations of time and discretion may impose burdens on the parties", and "may even lead to

unwelcome results, but they prompt parties to act and they produce finality." In Re Rosado, Id. at *16.

d. *Sanctions under Fed. R. Bank. P. 9011 and Fed. R. Civ. P. 11*

A request for sanctions under Fed. R. Bankr. P. 9011 must be made separately from other motions or requests. The motion must be served in the manner provided by Fed. R. Bankr. P. 7004 and within the time determined under Fed. R. Bankr. P. 9006(d). See Fed. R. Bankr. P. 9014(b). "Sanctions may not be imposed unless the respondent has been given notice and a reasonable opportunity to respond." In re Terron Hernandez, 513 B.R. 172, 179 (Bankr. D.P.R. 2014). However, when a bankruptcy court considers a motion for sanctions, a "full evidentiary hearing is not required; the opportunity to respond by brief or oral argument may suffice." In re Emanuel, 422 BR. 453,464 (Bankr. S.D.N.Y. 2010). On the present case, the Motion was filed in compliance with the procedural requirements as evidenced in the Defendant's Motion at Docket No. 17.

Fed. R. Bankr. 9011(b) provides in pertinent part:

> Representations to the court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Bankr. P. 9011(b)(1) and (2).

Fed. R. Bankr. P. 9011 is derived from Fed. R. Civ. P. 11. The First Circuit has explained that "Rule 11 jurisprudence is largely transferable to Rule 9011 cases." In re CK Liquidation Corp., 321 B.R. 355, 362 (B.A.P. 1st Cir. 2005), quoting Featherston v. Goldman (In re D.C.

-11-

Sullivan Co.)*, 843 F.2d 596, 598 (1st Cir.1988)). Fed. R. Bankr. P. 9011 "require[s] an attorney to conduct himself in a manner bespeaking reasonable professionalism and consistent with the orderly functioning of the judicial system. Subjective good faith is not the issue; generally Rule 9011 demands that counsel's actions comport with an objective standard of lawyerly performance." In re D.C. Sullivan Co., 843. F 2d 596, 598-599 (1st Cir. 1988), citing Muthig v. Brant Point Nantucket, Inc., 838 F. 2d 600, 604-605 (1st Cir. 1988); Thomas v. Capital Security Services, 836 F. 2d 866, 873 (5th Cir. 1988); INVST Financial Group v. Chem-Nuclear Systems, 815 F. 2d 391, 401 (6th Cir. 1987), cert. denied, 484 U.S. 927, 108 S. Ct. 291, 98 L. Ed. 2d 251 (1987); Eastway Constr. Corp. v. City of New York, 762 F. 2d 243, 253-254 (2nd Cir. 1985).

The central purpose of Rule 11 is to deter baseless filings. See CQ Int'l Co. v. Rochem Int'l, Inc., USA, 659 F.3d 53, 62 (1st Cir. 2011). Likewise, "the purpose of Federal Rule of Bankruptcy 9011 is to deter baseless filings in bankruptcy court and thus avoid unnecessary judicial effort, the goal being to make proceedings in the court more expeditious and less expensive. The rule imposes sanctions on persons violating the rule and, it is hoped, will act to deter future conduct of the same nature." Alan N. Resnick & Henry J. Sommer, 10 Collier on Bankruptcy ¶9011.01 (16th ed. 2015).

"Fed. R. Bankr. P. 9011(b) has four subdivisions which may be further divided in two categories; namely, the frivolousness clauses and the improper purpose clause". In re Terron Hernandez, 513 B.R. 172 at 180, citing In re Am. Telecom Corp., 319 B.R. 857, 867 (Bankr.N.D.Ill.2004). "Fed. R. Bankr.P. 9011(b)(2)-(4), require[ ] that a party's attorney must perform a reasonable preliminary investigation of the facts and the applicable law before filing a paper in federal court." Id.   "Fed. R. Bankr.P. 9011(b)(1) requires courts to apply an objective standard to determine whether a document was or not presented for an improper purpose". Id.

The Defendant also argues that pursuant to 28 U.S.C. §1927 the court may award excess costs, expenses and attorney's fees incurred by a party against an attorney who multiplies the proceedings in any "unreasonably and vexatiously" prosecuted. Moreover, the Defendant further argues that 11 U.S.C. §105 allows the court to issue sanctions against clients and their attorneys for abusive litigation practices undertaken in bad faith.

In the present case, the Defendant argues that Formador's adversary complaint was filed: (1) notwithstanding the court's Order of March 13, 2019, which stated that the time to file objections to the discharge was governed by Fed. R. Bankr. P. 4004(a); (2) failing to make an objectively reasonable inquiry into the existing law, as required by Rule 9011; and (3) with legal arguments unwarranted by existing law, unsupported by the facts, and frivolous in nature. Thus, the Defendant argues that Formador should be sanctioned pursuant to Fed. R. Bankr. P. 9011(c)(2).

An argument is not warranted by existing law "if it is based on legal theories that are plainly foreclosed by well-established legal principles and authoritative precedent, unless the pleading plainly argues for a reversal or change of law and presents a nonfrivolous argument to support that position." In re CK Liquidation Corp., 321 B.R. 355 at 362, citing In re Willis Furniture Co., 148 B.R. 691, 694 (Bankr. D. Mass. 1992); Dibbs v. Gonsalves, 921 F. Supp. 44, 47-49 (D.P.R. 1996); Aetna Casualty & Sur. Co. v. Kellogg, 856 F. Supp. 25, 32-33 (D.N.H. 1994). Nevertheless, "a legal argument need not ultimately prevail in order to be warranted by existing law." Id. at 363 quoting Associated Indem. Corp. v. Fairchild Indus., Inc., 961 F. 2d 32 (2d Cir. 1992). "In particular, courts generally do not conclude that an unsuccessful argument is not warranted by existing law where the argument involves unsettled or highly complex law." Id. at 363 quoting New England Health Care Employees Union v. Fall River Nursing Home, Inc., 802 F. Supp. 674, 680 (D.R.I. 1992).

The court must determine if Formador's legal argument, that is, the request to relate back its *Adversary Complaint* to its *Motion for Reconsideration* is warranted by existing law, meaning whether it is foreclosed by well-established legal principles and authoritative precedent or if it involves unsettled or highly complex law. Although the court stands unconvinced with the Plaintiff's relation back arguments to the specific facts of the case, relation back in the bankruptcy context has been frequently applied in the Ninth Circuit and was recently applied by the Court of Appeals for the Eleventh Circuit in Beem v. Ferguson, 713 Fed. Appx. 974, 2018 U.S. App. LEXIS 3029, 2018 WL 718609 (11th Cir. 2018).[3] Additionally, and as discussed previously, the timeliness of a cause of action is an affirmative defense that is waived if not pleaded opportunely. The court finds that the relation back doctrine involves unsettled law in the bankruptcy context and within our circuit, and has not been previously addressed by this court. Although the Plaintiff did not prevail in its argument, the same is not warranted by existing law. Therefore, the court denies the Defendant's request for sanctions.

## Conclusion

The court finds that the present complaint was untimely filed pursuant to Fed. R. Bankr. P. 4007(c) and, therefore, the case is dismissed. Judgment will be entered accordingly.

SO ORDERED.

In San Juan, Puerto Rico, this 27th day of December, 2019.

Enrique S. Lamoutte
United States Bankruptcy Judge

---

[3] The Court of Appeals for the Eleventh Circuit determined that a "Motion to Dismiss for Determination of Non Dischargeability of His Debt" satisfied the Rule 8 pleading requirements for a complaint. "The motion prominently requested the bankruptcy court to "enter an order holding Beem's debt is non-dischargeable, cited to §523(a)(6) and the applicable legal standards…" Therefore, it determined that the motion should be treated as the functional equivalent of a complaint.